**Charles J. COOPER, Plaintiff,**

v.

**VALLEY LINE COMPANY, Defendant.**

**Civ. A. No. 70-528.**

United States District Court,
W. D. Pennsylvania.

Dec. 17, 1970.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

In this action under the Jones Act, 46 U.S.C. § 688, and the federal Maritime Laws, the immediate matter before the Court is defendant's Motion to Transfer, filed pursuant to 28 U.S.C. § 1404(a). Defendant seeks a transfer of the action from this Court either to the Federal District Court for the Southern District of Ohio, sitting at Cincinnati, or to the Federal District Court for the Southern District of West Virginia, sitting at Huntington.

■ Section 1404 of Title 28, U.S.C., reads in pertinent part, as follows:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district * * * where it might have been brought."

To fulfill the requirement that the transferee district be one where the action "might have been brought," it must be demonstrated both that personal jurisdiction over the defendant originally could have been obtained and that venue would have been proper in that district.

Defendant corporation was incorporated in Delaware and has a principal place of business in St. Louis, Missouri. Defendant is registered to do business in Ohio and, at all relevant times, has

maintained a place of business in Cincinnati. Accordingly, defendant would have been amenable to personal service, under Section 1703.041 of the Ohio Revised Code, and venue would have existed, under 28 U.S.C. § 1391, in the Southern District of Ohio. Defendant is not registered to do business in the State of West Virginia. However, defendant's Affidavit states that, at all relevant times, defendant, in fact, was doing business there. Also, the alleged accident occurred at Lock 13 on the Ohio River, which is located at McMehen, West Virginia. Accordingly, defendant would have been amenable to personal service, under Section 31–1–71 of the West Virginia Code, and venue would have existed, under 28 U.S.C. § 1391, in the Southern District of West Virginia.

■ However, to justify a transfer of this action to either one of the aforementioned Districts, defendant must show further that such a transfer would be "for the convenience of the parties and witnesses" and "in the interest of justice." In this regard, the Court of Appeals for the Third Judicial Circuit has stated in the recent case of Shutte v. Armco Steel Corporation et al., 431 F.2d 22, 25, (1970):

> "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice ' * * * should not be lightly disturbed.' Ungrund v. Cunningham Brothers, Inc., 300 F.Supp. 270, 272 (S.D.Ill.1969). In accord with that sound doctrine, one district court recently correctly observed: 'The decision to transfer is in the court's discretion, but a transfer is not to be liberally granted.' Handlos v. Litton Industries, Inc., 304 F.Supp. 347, 352 (E.D.Wis.1969). The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, Everprest, Inc. v. Phillips-Van Heusen Corp., 300 F.Supp. 757 (M.D.Ala. 1969), and ' * * * unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.' Owatonna Manufacturing Company v. Melroe Company, 301 F.Supp. 1296, 1307 (D.Minn.1969)."

In the instant action, the balance of convenience of the parties cannot be said to be strongly in favor of defendant.

At this relatively early stage of the proceedings, all of the facts which might mitigate in favor of one party or the other have not been developed. However, defendant asserts in favor of transfer the following facts. Plaintiff is a resident of Manchester, Ohio. Plaintiff signed a release, the validity of which is contested, and accepted a settlement in Cincinnati, Ohio. The shipboard accident occurred in McMehen, West Virginia. Defendant definitely will call as a medical witness Dr. Leonard Berman, a resident of Maysville, Kentucky, who treated plaintiff subsequent to the alleged injury. Defendant probably will call as a witness Dr. Richard R. Villarreal, a resident of Portsmouth, Ohio, who treated plaintiff prior to the alleged accident. Defendant may call Dr. Robert Counts, also a resident of Portsmouth, Ohio, and Dr. Gary Greenlee, a resident of Manchester, Ohio, both of whom treated plaintiff prior to the accident in question. All of the aforementioned places are more proximately located to Cincinnati and Huntington than to Pittsburgh.

In evaluating the facts asserted by plaintiff, the Court is not compelled by defendant's contention that plaintiff resides in Ohio. Plaintiff's inconvenience is of his own choosing and does not, in of itself, constitute an inconvenience to defendant.

Defendant points to the fact that plaintiff executed a release and entered into a settlement in Ohio as being unique in this case. Yet it is not asserted that Ohio law is applicable to any aspect of this transaction. Rather, it would appear that the fundamental issue of the validity of the seaman's release will be determined by application of federal law, and defendant asserts no dif-

ference in the manner of application of federal law to this question by the Courts of Appeal for the Third, Fourth and Fifth Circuits. Moreover, defendant's willingness to accept a transfer to *either* Cincinnati or Huntington indicates that defendant does not seek a transfer to another forum on the basis that there exist in this case questions of local law with which another forum might be more fully acquainted.

The occurrence of the accident at McMehen, West Virginia, presents no compelling reason to transfer in the circumstances of this case. The accident allegedly occurred on board a vessel as a result of a faulty loudspeaker, dirty window, and slippery monkey bar. These alleged conditions are of a temporary nature and, most likely, would no longer exist at the time of trial. A jury view would avail little and does not appear to be contemplated. If a jury view were sought, it has not been indicated that the transient vessel would be most conveniently found at the situs of the accident. Also, it may be noted that liability will not turn upon law local to the situs of the alleged accident but rather upon federal law.

Defendant stresses that its medical witnesses, only two of which defendant knows with any certainty will be called to testify, all live within a general region more proximate to Huntington and Cincinnati than to Pittsburgh. The convenience of defendant's witnesses is a relevant factor but is not conclusive and must be balanced with those factors favoring plaintiff.

Foremost is plaintiff's right to choose his forum. Plaintiff also indicates his intention to call as witnesses the pilot of the vessel, a resident of Beaver, Pennsylvania, and three other seamen, all of whom are residents in this District. Moreover, defendant has indicated that its defense of settlement and release will be supported, in part, by proof that plaintiff was in communication with his counsel, residents of Pittsburgh, before accepting settlement and signing the release. Plaintiff's counsel indicate that

one or more of them may well become witnesses at the trial. Also, plaintiff advises that he has made arrangements for examinations by three Pittsburgh physicians.

Weighing the aforementioned factors, it cannot be said that the balance of convenience is in favor of defendant, let alone strongly so. Accordingly, the Motion to Transfer will be denied. An appropriate order is entered.