**Richard J. STULL, Plaintiff,**

**v.**

**George P. BAKER, Lloyd M. Bentsen, Jr., D. E. Browne, William A. M. Burden, James V. Carmichael, Cyril Chappellet, Dwight M. Cochran, Charles E. Ducommun, Courtlandt S. Gross, M. Carl Haddon, Daniel J. Haughton, Hail L. Hibbard, Jack K. Horton, Clarence L. Johnson, Willard W. Keith, A. Carl Kotchian, H. W. McCurdy, Arthur Young & Company and Lockheed Aircraft Corporation, Defendants.**

**No. 69 Civ. 2046.**

United States District Court, S. D. New York.

April 23, 1970.

Stull & Stull, New York City, for plaintiff.

Debevoise, Plimpton, Lyons & Gates, New York City, for defendant Lockheed Aircraft Corp. and individual defendants.

White & Case, New York City, for defendant Arthur Young & Co.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff, a stockholder of defendant Lockheed Aircraft Corporation ("Lockheed") brings this action on behalf of himself and representatively on behalf of all other Lockheed stockholders similarly situated, and derivatively on behalf of Lockheed, arising from losses allegedly sustained by Lockheed in connection with its production of the controversial C-5A aircraft for the United States Air Force. Jurisdiction is based upon Section 27 of the Securities and Exchange Act of 1934, 15 U.S.C. § 78aa, and diversity of citizenship.

The complaint charges that between January 24, 1966, when plaintiff purchased his stock on the New York Stock Exchange, on which Lockheed stock is listed, and April 7, 1969, "Lockheed sus-

tained great losses in the manufacture of aircraft, among other products, as the defendants, except Lockheed, knew or should have known." The individual defendants, who are the directors and officers of Lockheed, are charged with changing accounting procedures to hide the losses and with filing Forms 8K and 10K and Quarterly and Annual Reports which failed to disclose the losses, while conspiring to inflate the market price of Lockheed stock, to the injury of Lockheed and its stockholders. The individual defendants are also charged with making unconscionable personal profits by the sale of Lockheed stock on the basis of inside information. Defendant Arthur Young & Company, Lockheed's accountant, is charged with aiding and abetting the individual defendants in connection with its preparation of accounting reports. The acts complained of are alleged to have occurred "in whole or in part in the Southern District of New York."

Defendants* move to transfer the action to the Central District of California, pursuant to 28 U.S.C. § 1404(a), which provides:

> "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There is no dispute that the action "might have been brought" in the Central District of California.

Defendants' moving affidavits state that Lockheed is a California corporation with headquarters in Burbank in the Central District of California, and that stockholders' and Board of Directors' meetings are held in that district; that Lockheed does its business through six operating divisions and four wholly-owned subsidiaries, none of which is in this district; that it does not manufac-

ture aircraft or other products in this district, and that none of its accounting or financial records relating to the manufacture of aircraft is prepared or maintained in this district.

Defendants allege that eleven of the seventeen individual defendants reside in California, ten in the Central District; that only one lives and works in this district; that defendant Arthur Young & Company has its headquarters in this district, but its accounting services for Lockheed were performed either in Los Angeles or at regional offices and then forwarded to Los Angeles for consolidation, and that the preliminary accounting work for the Lockheed Georgia Company, the division which manufactures the C-5A, was done at Marietta, Georgia, where the aircraft are manufactured.

Defendants further allege that almost all of the witnesses and a substantial part of the massive documentary evidence relating to the acts complained of are located in California, or at the headquarters of Lockheed's divisions and subsidiaries.

Plaintiff's affidavit in opposition states that his proof will rest primarily upon the testimony of witnesses residing and working in New York, the District of Columbia and environs, Ohio, and Georgia, and that the only Lockheed executives he expects to call are in Atlanta, Georgia. Plaintiff states that he will rely upon the testimony of officials connected with the Air Force and the General Accounting Office who are familiar with the cost overrun problems relating to the C-5A and who are to be found in the District of Columbia area, and that he may call other witnesses from Ohio, particularly Air Force officials at the Systems Program Office of the Air Force Systems Development Office in Dayton, Ohio. Plaintiff states that these witnesses are not under his control, while Lockheed's witnesses may be

---

* When defendants' moving papers were filed, only defendants Lockheed, Haughton, Kotchian, Gross, and Arthur Young & Company had been served. At argu- ment, counsel informed the court that all defendants had been served, and all joined in the motion to transfer.

brought to New York by Lockheed Company aircraft.

Plaintiff further states that the relevant records are in the files of Lockheed Georgia Company in Marietta, Georgia, of the Air Force Systems Program Office at Wright Patterson Air Force Base in Ohio, and of Blyth & Company in New York, which prepared a registration statement for Lockheed, and that records of the alleged insider selling of Lockheed stock are maintained in New York by Lockheed's transfer agent, the Chemical Bank.

Plaintiff cites Judge Sirica's decision in Colonial Realty Corporation, et al. v. Lockheed Aircraft Corporation, et al., 69 Civ. 2641 (D.D.C. February 13, 1970), denying defendants Lockheed's and Blyth & Company's motion to transfer that action from the District of Columbia to the Central District of California. *Colonial Realty* is an action brought by Colonial Realty Corporation and individual plaintiffs who purchased convertible debentures issued by Lockheed, charging Lockheed, Blyth & Company, and individual defendants with issuing a false and misleading prospectus covering the debentures, which failed to disclose Lockheed's substantial cost overrun incurred in designing and producing the C-5A. Although brought by debenture holders rather than shareholders, and involving a different alleged failure to disclose, it is based upon the same factual core, Lockheed's alleged losses incurred in connection with the C-5A contract. Plaintiff states that pre-trial discovery in both actions will be similar, and that counsel in the *Colonial Realty* action has indicated that it would be willing to hold joint discovery with plaintiff in this action to avoid duplication of effort.

In Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744 (S.D.N.Y.1966), Judge Weinfeld stated the factors applicable to a motion to transfer:

"The section itself sets forth as the general guidelines to be applied in determining an application thereunder (1) the convenience of parties, (2) the convenience of witnesses, and (3) the interests of justice. While the court's discretion under this section is broader than under the doctrine of forum non conveniens, the criteria are substantially those that were applied under that doctrine as enunciated in the leading case of Gulf Oil Corp. v. Gilbert [330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055], except that the plaintiff's choice of forum, formerly 'rarely [to] be disturbed,' is now of diminished significance, although it is still to be considered. These factors include (1) relative ease of access to sources of proof; (2) availability of process to compel attendance of unwilling witnesses; (3) cost of obtaining willing witnesses; (4) possibility of view of premises, if appropriate to the issues; (5) practicality of where the case can be tried more expeditiously, inexpensively and with relative ease; and (6) the interests of justice, a term broad enough to cover the variant circumstances of each individual case, which in sum reflect that the administration of justice will be advanced by a transfer." 250 F.Supp. at 754.

Applying those considerations to this case, the court concludes that the motion to transfer should be denied.

Defendants argue that their operations will be disrupted by the absence of their executives for trial in New York. However, only one or two executives should have to be away from their office for trial on any given day, which would also be the case if the action were transferred. Defendants' witnesses will be their own employees and subject to their control, regardless of the forum.

Plaintiff's witnesses are to be found in Georgia, Ohio, New York, and the District of Columbia. Plaintiff will be unable to subpoena all these witnesses, regardless of the forum, and they may be more likely to appear voluntarily in New York than in California.

Here, as in Gluck v. Vance, Sanders & Company, Inc., Fed.Sec.L.Rep. ¶ 92,433

(S.D.N.Y.1969), defendants' assertions as to the convenience of witnesses are based in part upon surmise as to the identity of plaintiff's witnesses, although unlike *Gluck* defendants have specified with some particularity their own witnesses. Defendants stress those witnesses whose testimony they contend will bear upon the failure to disclose, while plaintiff understandably stresses those witnesses he contends have knowledge of the underlying facts concerning Lockheed's alleged losses. Both groups of witnesses will be necessary.

If the action is tried in New York, defendants' executives will be inconvenienced in traveling to New York, while plaintiff's witnesses may have to travel from Ohio, Georgia, and the District of Columbia, also an inconvenience. On the other hand, if the action is tried in California, defendants' witnesses will suffer less inconvenience, while plaintiff's will be more inconvenienced.

There is unavoidable inconvenience to witnesses whether the action is tried in California or New York, although the inconvenience to defendants' witnesses if the action is tried in New York is largely alleviated by the availability of Lockheed's private aircraft.

The parties disagree as to the extent and location of the relevant records. As Judge Weinfeld observed in Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, *supra*,

> " * * * experience demonstrates that a weeding-out process in preparation for trial often reduces the relevant documents to manageable proportions." 250 F.Supp. at 757.

and "[t]he practical accommodations of the sort suggested in Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir.), cert. denied, 340 U.S. 851 [71 S.Ct. 79, 95 L.Ed. 624] (1950) will help in reducing the inconvenience to the parties." Gluck v. Vance, Sanders & Company, Inc., *supra*, at p. 98,056

On the basis of these considerations, this case is similar to Levin v. Mississippi River Corp., 289 F.Supp. 353 (S.D. N.Y.1968), where Judge Harlands stated that:

> "It is obvious that in this type of case there will be inconvenience to one side or the other no matter where the trial takes place." 289 F.Supp. at 359.

At best, the inconvenience to the parties and witnesses is in balance, and

> "it is not sufficient to show that the present forum is an inconvenient one. More is required—the burden is upon the movant to make a clear showing that the proposed transferee district is a more convenient one and that the interests of justice will be better served by a trial there." Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, *supra*, 250 F.Supp. at 755.

Defendants have not carried that burden, even allowing for the rule that in a class and derivative action such as this, "the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened." Koster v. (American) Lumbermens Mutual Co., 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947); Schneider v. Sears, 265 F.Supp. 257, 266 (S.D.N.Y. 1967). Compare Fogel v. Wolfgang, 48 F.R.D. 286 (S.D.N.Y.1969) (involving a small Ohio corporation).

Common discovery will reduce the inconvenience to defendants of having this action remain here. Balancing the inconveniences, the court does not find that a transfer of this action to the Central District of California will better serve the interests of justice. See Herbst v. Able, 278 F.Supp. 664 (S.D. N.Y.1967); Zorn v. Anderson, 263 F. Supp. 745 (S.D.N.Y.1966); Oil & Gas Ventures—First 1958 Fund, Ltd. v. Kung, *supra*.

Defendants' motion to transfer this action to the Central District of California is denied, without prejudice to any motion addressed to, or order of, the Judicial Panel on Multi-District Litigation pursuant to 28 U.S.C. § 1407.

It is so ordered.