**Murray R. SEIDEN and Kate Seiden, Plaintiffs,**

v.

**PRICE WATERHOUSE & CO., Defendant.**

No. 70 Civ. 4704.

United States District Court,
S. D. New York.

May 19, 1971.

Rubin, Wachtel, Baum & Levin, New York City, for plaintiffs; Martin A. Coleman, Stanley L. Sklar, Carl R. Aron, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant; John R. Hupper, Paul M. Dodyk, J. Barclay Collins, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs, Murray and Kate Seiden, sue defendant, Price Waterhouse & Co., the certified public accountants for Performance Systems, Inc. ("PSI") on behalf of themselves and representatively on behalf of all persons who purchased shares of the common stock of PSI (formerly known as Minnie Pearl's Chicken Systems, Inc.) between February 21, 1969 and July 31, 1970. Plaintiffs' action arises under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 promulgated thereunder, 17 C.F.R. 240.-10b–5. Jurisdiction is based upon Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

The action was instituted on October 27, 1970. On December 30, 1970 plaintiffs filed an amended complaint alleging that they purchased a total of 1100 shares of PSI common stock in reliance on defendant's certified financial statements of PSI for the year 1968 and that defendant falsely certified that PSI's financial statements were prepared in accordance with generally accepted accounting principles. Plaintiffs charge that $8,098,027 of notes receivable from the sales of franchises were treated as income without establishing a reserve for the notes' uncollectability; that many of the notes were uncollectable; and that the financial statements were fraudulent and not prepared in accordance with generally accepted accounting principles. Plaintiffs are residents of New Jersey who purchased their stock through a New York broker. They allege that they sustained a loss of over $9,000 when they later sold their shares.

Defendants move pursuant to 28 U.S. C. § 1404(a) to transfer the action to the Middle District of Tennessee. PSI

is located in Nashville and the contested audit was made by defendant's Nashville office. Section 1404(a) provides:

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

There is no dispute that the action might have been brought in the Middle District of Tennessee.

Defendant contends that all documents pertaining to the audit are in Nashville and that all witnesses who could testify with respect to the audit either live in Nashville or in places closer to Nashville than New York. The audit made by defendant's Nashville office was not reviewed or approved by its New York office.

PSI is a Tennessee corporation, with its headquarters in Nashville, engaged in the business of franchising fast-food service establishments. Defendant states that the PSI employees who participated in the preparation of the 1968 financial statements and nine of the twelve directors who approved the PSI 1968 Annual Report live in the Nashville area, and that most of the franchisees who issued the notes in question are located nearer to Nashville than to New York.

Plaintiffs claim that defendant's certification of the PSI financial statements was improper in view of an opinion of the Accounting Principles Board, and that twelve of the twenty members of the Board are located in New York and none are located in Nashville. Since one of the members is a partner of defendant, plaintiffs say that it is unlikely that any of the members of the Board would testify voluntarily.

In Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967), Judge Weinfeld set out the following factors to be considered on a motion to transfer:

"(1) the convenience to parties; (2) the convenience to witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

"[6] The burden is on the movant to make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." (Footnotes omitted.)

The testimony which the plaintiffs will offer pertaining to their purchase and sale of PSI common stock (if not stipulated to, or taken on deposition) should only require a minimum of trial time. All of the witnesses to be called by the defendant having knowledge of the audit or financial statements in issue, including personnel of defendant and PSI and all the relevant records, are located in Nashville. Moreover, most of the franchisees which issued the notes in question are located nearer to Nashville than New York.

In view of the minimal contact with New York, to require the relevant records of defendant and PSI to be brought to New York, and to require the witnesses having knowledge of the facts in issue to come to New York, is not justified. Compare Stull v. Baker, 311 F.Supp. 1205 (S.D.N.Y.1970); Gluck v. Vance, Sanders & Co., Fed.Sec.L.Rep. ¶ 92,433 (S.D.N.Y.1969); Levin v. Mississippi River Corp., 289 F.Supp. 353 (S.D.N.Y.1968).

The only factor suggesting retention of venue in this district, apart from plaintiffs' choice, is the availability of expert witnesses to give their opinions on the accounting principles involved. However, defendant states, without contradiction, that 953 members of the Tennessee Society of Certified Public Accountants practice in the Nashville area

and that a number of the nation's large accounting firms have offices in that city. Therefore, there would appear to be no lack of expert witnesses available in Nashville. Nevertheless, plaintiffs should be entitled to take the depositions in New York, for use at trial, of accounting experts, including one or more members of the Accounting Principles Board, if they choose to do so.

Plaintiffs cite Stull v. Baker, 311 F. Supp. 1205 (S.D.N.Y.1970); Gluck v. Vance, Sanders & Co., CCH Fed.Sec. L. Rep. ¶ 92,443 (S.D.N.Y.1969); Levin v. Mississippi River Corp., 289 F.Supp. 353 (S.D.N.Y.1968) as authority for retaining the action in this district. In *Stull* and *Gluck* the court found that both the transferor and the transferee forum were equally inconvenient and therefore recognized plaintiff's choice of venue. In *Levin,* in addition to finding that the inconvenience was at best in balance, the court held that it lacked the power to transfer the action since the transferee district was not a district in which the action could have been originally brought. The fact that this action is likely to be tried sooner in Tennessee than in this district also suggests the desirability of transfer.

Finding that the Middle District of Tennessee is a more convenient forum for the trial of this action and that the interests of justice will best be served by holding the trial there, defendant's motion to transfer this action to the Middle District of Tennessee is granted upon the condition that defendant consent to the use at trial of depositions taken in New York of accounting experts, including members of the Accounting Principles Board.

Plaintiffs have moved pursuant to Rule 23 to have their action declared a class action. In accordance with the stipulation between the parties, dated May 12, 1971, this motion is left for determination by the transferee court.

Settle Order on Notice.