SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff,

v.

FIRST NATIONAL FINANCE CORPO-
RATION et al., Defendants.

No. 74 C 3330.

United States District Court,
N. D. Illinois, E. D.

March 28, 1975.

William D. Goldsberry, Dennis J. Waldeck and Ronald P. Kane, Securities & Exchange Commission, Chicago, Ill., for plaintiff.

Lawrence Coles, Jr., Chicago, Ill., for defendants.

## MEMORANDUM OF DECISION AND ORDER

JULIUS J. HOFFMAN, Senior District Judge.

This is an action by the Securities Exchange Commission to enjoin alleged fraudulent offers and sales of securities. It is brought under Section 17 of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934, and Rule 10b–5 thereunder. There are six defendants: three corporations and three individuals. The corporate defendants are the First National Finance Corporation (FNF), Leichner Industries, Inc. (Leichner), and Burhold, Inc. (Burhold). The individual defendants are Roy Burslem, president of each of the three corporations; Robert Dedman, a former director of FNF and Leichner; and Rex Thorn, a current director of FNF and Leichner. With the exceptions of Thorn and Dedman, all defendants move, pursuant to 28 U.S.C. § 1404(a), for the transfer of this case to the United States District Court for the Eastern District of Illinois at Danville. Thorn and Dedman have interposed no objection to the requested transfer.

The movants assert that the case should be transferred because the Eastern District of Illinois is the residence of the principal individual defendant and the principal witnesses, the principal place of business of the three corporations, and the district in which a Chapter XI (arrangement) proceeding involving the three corporations is pending and the corporate books and records are located. In opposition, the SEC contends that these factors do not establish the balance of inconvenience required to disturb plaintiffs' choice of forum. The Commission asserts further that because many of the alleged fraudulent offerings occurred in the Northern District of Illinois, defendants' motion should be denied.

28 U.S.C. § 1404(a) provides as follows:

a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under this section, the movant must show a "clear balance of inconvenience." Chicago, Rock Island & Pacific R.R. Co. v. Igoe, 220 F.2d 299 (7th Cir. 1955), cert. denied, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955); Butterick Company, Inc. v. Will, 316 F.2d 111 (7th Cir. 1963); Hammond Corp. v. General Electric Credit Corp., 374 F.Supp. 1356 (N.D.Ill.1974).

## I.

### Where The Action Might Have Been Brought

The parties have not disputed that this action might have been brought in the Eastern District of Illinois. Venue under both the Securities Act of 1933 and the Securities Exchange Act of 1934 is proper in the district "wherein the defendant is found or is an inhabitant or transacts business . . . ." 15 U.S.C. §§ 77v, 78aa. Because the three corporations have their principal places of business in Champaign, Illinois, located in the Eastern District, and defendant Burslem resides there, venue is proper in the Eastern District under these sections. Although defendants Dedman and Thorn have legal residences in states other than Illinois, venue is not thereby destroyed. Securities and Exchange Commission v.

National Student Marketing Corp., 360 F.Supp. 284 (D.C.1973).

## II.
## The Convenience of Parties and Witnesses

■ The complaint alleges that the defendants omitted, in the course of offering and selling certain securities, to state material facts relating to the financial condition of two of the corporate defendants, FNF and Leichner. Among the principal witnesses, therefore, will be the officers and employees with knowledge of the financial condition of the two corporations. These persons, according to the affidavit of defendant Burslem, reside in the Eastern District of Illinois. Plaintiff argues, on the other hand, that approximately 70% of the FNF investors, that is, 110 out of a total number of 160, reside in the Northern District of Illinois. During oral argument on this motion, counsel for the SEC stated that some of these investors would be called as witnesses. There is no indication, however, that any of the investors have knowledge of the financial condition of FNF and Leichner at the time of the alleged fraudulent offerings and sales. The principal witnesses are those material to the Court's decision on a motion to transfer under 28 U.S.C. § 1404(a). Grey v. Continental Marketing Associates, Inc., 315 F.Supp. 826 (N.D.Ga.1970).

The corporate defendants have their principal places of business in the Eastern District of Illinois. The principal individual defendant, Roy Burslem, and the principal witnesses, reside in the Eastern District. The SEC admits that while defendant Dedman is a legal resident of Nashville, Tennessee, he is "often" in Champaign, Illinois. The Northern and Eastern Districts of Illinois are equally convenient for defendant Thorn, who resides in Biloxi, Mississippi. On balance, therefore, it is reasonable to conclude that the Eastern District of Illinois is a more convenient forum for five of the six defendants and the principal witnesses.

## III.
## The Interests of Justice

Presently, the three corporate defendants are involved in Chapter XI proceedings in bankruptcy court at Danville. A receiver has been appointed. The movants assert that as a matter of judicial and litigant economy, the case should be transferred to the district where the bankruptcy action is pending. The SEC argues that because Chapter XI proceedings and securities actions are unrelated, this case and the Chapter XI proceeding can proceed simultaneously in different districts.

■ As a general proposition, cases should be transferred to districts where related actions are pending. Jacobs v. Tenney, 316 F.Supp. 151 (D.Del.1970). Because, however, the reason for this rule is the consolidation of related actions, it is usually applied only where federal civil cases are pending in the proposed transferee district. Judge Will, therefore, recently denied a § 1404(a) motion for transfer to a district where the related actions were pending in state and bankruptcy courts. Hammond Corp. v. General Electric Credit Corp., 374 F.Supp. 1356 (N.D.Ill. 1974).

While superficially *Hammond* appears to dispose of defendants' "related action" argument, there are significant differences between it and the case at bar. In *Hammond*, the actions pending in the proposed transferee district involved parties different from those before the forum court, whereas here the same parties are before this and the bankruptcy court. Moreover, the bankruptcy court has jurisdiction over the books and records of the corporate defendants. While many of these books and records are presently at the SEC offices in Chicago, they are there by leave of the bankruptcy court, which has ordered the SEC to return the documents to Danville. In Schneider v. Sears, 265 F.Supp. 257 (S.D.N.Y.1967), the court characterized the control of the Chapter X bankruptcy court over a corporate de-

242

fendant's books and records as a "special factor militat[ing] in favor of transfer."

Moreover, as the *Sears* court observed,

Were these actions transferred . . ., pretrial discovery could be better coordinated with the requirements of that court and the needs of the trustee, and the possibility of a conflict with respect to the need for documents between the efficient operation of that proceeding and an efficient trial in this forum could be avoided. *Id.* at 267.

The SEC relies heavily on Stull v. Baker, 311 F.Supp. 1205 (S.D.N.Y. 1970), where the forum court, the Southern District of New York, denied a motion to transfer the case to the Central District of California. In *Stull*, 11 of 17 individual defendants resided in the proposed transferee district. Here, four of six defendants reside in the Eastern District and a fifth spends most of his time there. In *Stull*, many of the principal witnesses were nearer the forum state than California. Here, the principal witnesses reside in the Eastern District. Moreover, Judge Bonsal, who decided *Stull*, observed in a subsequent opinion that plaintiff's choice of forum controlled in *Stull* for the reason that the transferor and transferee districts were "equally inconvenient." Seiden v. Price Waterhouse Co., 327 F.Supp. 1325, 1327 (S.D.N.Y.1971) (motion to transfer under 28 U.S.C. § 1404(a) allowed). Stull v. Baker, therefore, has minimal application to the case at bar.

■■ Plaintiff's choice of forum remains a factor for this Court's consideration. Of course, it must be accorded considerable weight, but its significance under the common law doctrine of *forum non conveniens* has diminished since the enactment of § 1404(a). *See* Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Moreover, the choice of forum, by a plaintiff agency of the United States, carries no more weight than that of the ordinary plaintiff. United States v. General Motors Corp., 183 F.Supp. 858 (S.D.N.Y.1960).

On November 27, 1974, the bankruptcy court at Danville issued a restraining order prohibiting, so the parties have assumed, the SEC and creditors of the three corporate defendants from continuing or commencing any suits against the corporations. The order refers only to one of the three corporations, FNF. Nevertheless, in view of the interlocking relationship of FNF, Leichner, and Burhold, the order can, as a practical matter, be interpreted to apply equally to them. The Referee in Bankruptcy at Danville has, moreover, assured this Court that his intent in issuing the order was to prohibit action against all three of the defendant corporations. Although thus restrained from proceeding against the corporate defendants, the SEC, through its counsel, has indicated its intention to proceed independently against the individual defendants. If separate trials do therefore occur, it will be more convenient for more people to hold the trials in the Eastern District, where the defendants, principal witnesses and books and records are concentrated.

■ This concentration in the Eastern District of Illinois of defendants, principal witnesses, books and records, and a bankruptcy court with jurisdiction over the books and records establishes a "clear balance of inconvenience" compelling this Court to transfer this case. Accordingly,

"Defendants' Motion Pursuant To 28 U.S.C. § 1404(a) For Entry Of Order Transferring This Cause To The United States District Court For The Eastern District Of Illinois At Danville will be, and the same hereby is, *allowed.*"