**EVERPREST, INC., a Corporation, Plaintiff,**

**v.**

**PHILLIPS–VAN HEUSEN CORPORA- TION, a Corporation, Defendant.**

**Civ. A. No. 975–S.**

United States District Court
M. D. Alabama S. D.
March 4, 1969.

Truman Hobbs, Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., Robert H. Berdo, Arnold, Roylance, Kruger & Durkee, Washington, D. C., and C. Preston Allen, Ray, Quinney & Nebeker, Salt Lake City, Utah, for plaintiff.

Carey Chitwood, Martin, Balch, Bingham, Hawthorne & Williams, Birmingham, Ala., Barrett G. Kreisberg, Eugene Frederick Roth and Munson & Fiddler, New York City, for defendant.

## ORDER

JOHNSON, Chief Judge.

This cause is now submitted on defendant's motion to transfer this cause to the Southern District of New York under the provisions of 28 U.S.C. Section 1404(a).

This is an action for patent infringement brought by a Utah corporation having its principal place of business in Salt Lake City, Utah, against a New York corporation which has five manufacturing plants in the State of Alabama. The venue statute for patent infringement actions is 28 U.S.C. Section 1400(b), which provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

It is thus clear that venue is proper in either this district or in the Southern District of New York.

Under Section 1404(a) transfers may be granted for the convenience of witnesses and parties and in the interest of justice. The burden is on the moving party to establish that a balance of these interests favors the transfer. A. C. Samford, Inc. v. United States, 226 F. Supp. 72 (M.D.Ga.1963); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., 267 F.Supp. 938 (S.D.N.Y.1967). Defendant has not satisfied that burden here.

Defendant contends that the principal issue in the case will be the validity of the patent and that many of its witnesses on that issue reside in the vicinity of the Southern District of New York. Moreover, voluminous documentary evidence on that issue is also stated to be there. It appears, however, that defendant's witnesses are for the most part either experts, for whom travel and expense are customary, or employees of the defendant, whose convenience is treated as virtually identical with that of the party. The fact that the other witnesses may not be required to testify in this district is also not of great significance in an action like this. Depositions are a satisfactory substitute where the issues are technical and tried to the court. Nor does this Court attach great significance to the cost of transporting documents to this district when both the action and the defendant are of considerable size.

The interests asserted by the defendant seem at least counterbalanced by plaintiff's asserted interests in a speedy disposition of this action. See Roller Bearing Co. of America v. Bearings, Inc., 260 F.Supp. 639 (E.D.Pa. 1966); Sweetheart Plastics, Inc. v. Illinois Tool Works, Inc., supra; Parsons v. Chesapeake & O. Ry., 375 U.S. 71, 73, 84 S.Ct. 185, 11 L.Ed.2d 137. This Court will judicially notice that the action is likely to be disposed of several years earlier in this district than it would be

in the heavily-burdened Southern District of New York.

Any remaining doubt as to where the balance lies is removed by considering that in a case like this the plaintiff's choice of forum is entitled to some weight. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955). That interest should not be minimized in this case by a charge of "forum shopping." It is clear that the infringement charged is connected with this district. Moreover, charges of forum shopping are given less attention where, as here, venue rests on a specific congressional grant rather than on a general provision.

Accordingly, it is the ORDER, JUDGMENT and DECREE of this Court that the motion of defendant to transfer this action to the Southern District of New York pursuant to the provisions of 28 U.S.C. Section 1404(a) be and the same is hereby denied.