**HUNTER DOUGLAS METALS, INC., an Illinois corporation, Plaintiff,**

v.

**EDWARD C. MANGE TRADING CO., a Texas corporation, and Edward C. Mange, an individual, Defendants.**

**No. 83 C 9153.**

United States District Court, N.D. Illinois, E.D.

June 21, 1984.

Richard E. Steck, Steck & Schofield, P.C., Chicago, Ill., for plaintiff.

Donald P. Colleton, Howard B. Prossnitz, Abramson & Fox, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

The case at bar involves allegations of breach of contract and tortious behavior against Edward C. Mange Trading Co. (Trading), a Texas corporation, and Edward C. Mange, an individual who resides in Texas. Before the Court is the defendants' Motion to Dismiss or, Alternatively, to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons stated herein, the Motion to Dismiss or Transfer is denied.

The complaint of plaintiff Hunter Douglas Metals, Inc. (Hunter) is in eight counts which the complaint styles as "Causes of Action." The first count alleges that Mange and Trading tortiously interfered with the business relationships of Hunter and Ed Mange International (International), a corporate entity of which Mange is an officer which is not a party to this lawsuit. Counts two, three, four, and five allege that Trading breached its contract with Hunter and in so doing acted willfully, maliciously, and in wanton disregard of the rights of Hunter. The sixth count alleges that Mange tortiously interfered with the business relationships of Hunter and Trading so as to cause the breaches of contract alleged in the other counts. Counts seven and eight allege that Trading breached its contract with Hunter by delivering nonconforming goods, which were rejected by Hunter, and by thereafter failing to deliver any further goods.[1]

## I.

In the motion to dismiss, the defendants first allege that defendant Ed Mange should be dismissed because this Court lacks personal jurisdiction over him.

---

1. As to this count, in paragraph 45 the Court assumes that plaintiff meant to state that "... Edward C. Mange Trading Company failed to deliver....," and not "... Edward C. Mange failed to deliver...."

Counts one and six are directed specifically at Mange and allege that Mange tortiously interfered with the business relationships of Hunter and Trading, and Hunter and International, thereby causing Trading and International to breach or otherwise not perform as required by the contract.

Mange argues that because he has had no contacts with Illinois sufficient to amount to the transaction of business in the state, this Court lacks jurisdiction over him. Mange admits that he was briefly present in Illinois, but only in a fiduciary capacity, and only after the dispute had arisen, not during the formation of the transaction out of which the dispute arose. While there may be merit to Mange's argument, this Court need not decide the issue as it is apparent that the allegations against Mange are allegations of tortious conduct which appear to have been committed in Illinois.

Under the Illinois Long-Arm Statute, one instance of tortious conduct is sufficient for the courts of this state to exercise jurisdiction over a defendant. According to the statute,

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action rising from the doing of any of such act;
>
> (2) The commission of a tortious act within this State...

Ill.Rev.Stat. ch. 110, ¶ 2–209(a)(2)(1983).

In *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961), the court held personal jurisdiction existed in Illinois over an Ohio manufacturer of a valve which was shipped to Pennsylvania for incorporation into a hot water heater which was then sold to an Illinois consumer in the regular course of commerce. In Illinois, the water heater exploded, causing injury to the plaintiff. According to the court, the key consideration as to whether, in light of the require-

ments of due process, it would be reasonable to require a defendant to litigate in the chosen forum, is whether the "act or transaction itself has a substantial connection with the State of the forum." 22 Ill.2d at 438, 176 N.E.2d 761.

In the case at bar, Mange contends that no personal jurisdiction exists in Illinois because any tortious acts he may have undertaken took place in Texas. This contention is made despite the fact that it is apparently conceded that the breaches of contract occurred in Illinois.

In support of his argument, Mange relies upon *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981), in which the court held that the courts of Illinois had no jurisdiction where the only connection with the state was the diminution of the funds of a corporation organized or headquartered in Illinois. However, such reliance is misplaced as *Green* is plainly distinguishable from the case at bar.

In *Green*, the court noted that the place of a wrong is that place where the last event takes place which is necessary to render the actor liable. 86 Ill.2d at 437, 56 Ill.Dec. at 661, 427 N.E.2d at 1207. Applying this analysis, the Court found that Texas was the place where the tort had occurred as that was where the misappropriation of funds which formed the basis of the suit transpired. In so finding, the court noted that the diminution of plaintiff's funds in Illinois was too tenuous of a connection with the forum to support jurisdiction and was merely a consequence of the tortious conduct and not a part thereof.

█ By comparison, in the case at bar it is clear that the contracts were breached in Illinois; that is the state where the payments were to be received and were not, and where delivery of the nonconforming goods was attempted. The effects of Mange's alleged tortious behavior were apparently felt in no state but Illinois and it seems clear that Mange was fully aware that Illinois would be the forum which his tortious conduct would impact. Unlike in

*Green,* the connection of such conduct with this forum is plainly more than consequential. Under the rationale of *Gray, supra,* as well as *Green,* Mange's tortious behavior occurred in Illinois to such an extent that this Court has personal jurisdiction over him. Mange's motion to dismiss for lack of personal jurisdiction must therefore be denied.

## II.

Defendants' next contention is that the punitive damage prayers in the breach of contract counts should be dismissed.

As defendant notes, plaintiffs have attempted to infuse some aspect of negligence into the breach of contract claims by using terms such as "maliciously," "deceptive," and "unfair" in setting out their breach of contract claims. According to defendant, the prayer for punitive damages in these counts must be dismissed as in Illinois a party may not create a tort action out of an alleged breach of contract. However, defendants' interpretation is not supported by case law.

While it is well settled in Illinois that a party suing on a breach of contract may recover only compensatory damages, *Hutchinson v. Brotman-Sherman Theatres, Inc.,* 94 Ill.App.3d 1066, 1078–79, 50 Ill.Dec. 422, 419 N.E.2d 530 (1981), punitive damages are recoverable where the breach constitutes an independent and willful tort accompanied by fraud, malice, wantonness or oppression. *American Society of Contemporary Medicine, Surgery, & Opthalmology v. Murray Communications, Inc.,* 547 F.Supp. 462, 465 (N.D.Ill.1982) (Aspen, J.); *McGrady v. Chrysler Motors Corp.,* 46 Ill.App.3d 136, 141, 4 Ill.Dec. 705, 360 N.E.2d 818 (1977). Thus where a count contains allegations sufficient to support both a contract claim and an independent tort, both may stand and punitive damages may be awarded if plaintiff is able to sustain his burden under the tort theory.

In the case at bar, plaintiff has failed to assert an independent tort action in the aforementioned counts arising from the breaches of contract. Unlike the situation in *American Society,* where the Court found that a breach of contracts count also appeared to contain sufficient allegations to plead an independent action for interference with prospective business opportunity, in the case at bar no allegations independent of the breach of contract claims are made save for the claims that such breaches were "malicious," "deceptive," and "unfair." In the opinion of this Court, such bald assertions, without more, fail to constitute sufficient allegations of an independent tort. Thus, as only a contract claim is stated, the punitive prayers of Counts II, III, IV and V must be dismissed.

## III.

Defendant finally argues that venue in the instant case should be transferred to the U.S. District Court for the Southern District of Texas under 28 U.S.C. § 1404(a). In support of this argument, defendant claims:

1) Mange can only be sued in Texas;
2) The calendar of the Southern District of Texas is less congested than the Northern District of Illinois;
3) All of Mange's documents are in Texas;
4) The alleged breach occurred in Texas; and,
5) Six of Mange's witnesses are located in Texas.

As this Court has previously discussed, Mange may be sued in Illinois; therefore, defendants' first argument must fall. Moreover, defendants' second argument is not based in fact. In 1983, the average judge in the Southern District of Texas had 709 pending cases while the average judge in this district had only 499 pending cases and this Court has now pending less than half that number. Moreover, the average civil case in Texas takes ten months to dispose of while the average civil case in this district is disposed of in but six months.[2]

2. Federal Court Management Statistics (1983).

Defendants' third argument is countered by the argument that all of plaintiff's documents are in Illinois, thus negating the thrust of the defendants' contentions. As to defendants' fourth point, as the Court has previously noted, it appears that the breach took place in Illinois. Moreover, while defendant states that six of his witnesses are residents of Texas, plaintiff counters by noting that three of its witnesses reside within the Northern District of Illinois and that three others live nearby. Finally, plaintiffs note that the law of Illinois applies as the purchase contract, which was accepted by Mange, contains a clause consenting to the application of the Uniform Commercial Code as enacted in Illinois.

■ Viewed in light of the above facts, it is apparent that Illinois is at least as convenient and appropriate of a forum as Texas. In such circumstances, the chosen forum of the plaintiff is entitled to substantial weight and will be honored. *Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 401 (N.D. Ill.1982). The motion to transfer thus must be denied.

## CONCLUSION

For the reasons stated herein, defendants' motions to dismiss Mange for lack of personal jurisdiction and to transfer venue is hereby denied. However, the motion to strike the prayers for punitive relief in Counts II, III, IV and V are hereby granted.

IT IS SO ORDERED.