**MEDI USA, L.P., Plaintiff,**

v.

**JOBST INSTITUTE, INC., Defendant.**

**No. 92 C 2048.**

United States District Court,
N.D. Illinois, E.D.

May 22, 1992.

James P. Hanrath, Thomas Raymond Vigil, Vigil & Hanrath, Barrington, Ill., for plaintiff.

Lenard C. Swanson, Aaron Thomas Shepley, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Jobst Institute, Inc. ("Jobst") to transfer venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the motion is granted.

## FACTS

Plaintiff, Medi USA, L.P. ("Medi"), is a limited partnership which sells medical compression stockings and related equipment. Its principal place of business, as well as its only physical plant, is located in Arlington Heights, Illinois. Medi claims ownership of a United States patent for a device identified as a "pulling on aid for compression stockings." Medi's patent rights allegedly arose from an assignment from a German inventor. Jobst is in the business of manufacturing, distributing, and retailing biomechanical compression garment devices, and other related products for the medical field.

Jobst began selling a device around October or November of 1991 which Medi claims infinges upon its patent rights. For three months, the parties began a series of communications concerning the alleged infringing equipment. After the parties failed to resolve the potential litigation problem, they discussed a possible settlement. On March 16, 1992, however, Jobst filed an action in the United States District Court for the Northern District of Ohio seeking a declaratory judgment that Jobst's medical device does not infringe Medi's patent. Nine days later, Medi filed the present action seeking to recover for Jobst's alleged patent infringement. The subject matter of both of these claims—the patent for the compression device—is identical.

On April 10, 1992, Jobst filed the present motion requesting a change of venue to the United States District Court for the Northern District of Ohio. Jobst is an Ohio corporation with its corporate headquarters, research and development facility, and one manufacturing plant all located in Toledo, Ohio. Jobst claims that its employees designed the Jobst device at the research and development facility in Toledo and that it manufactured its device in Ohio. Those employees involved in the design of the device currently reside in or around

Toledo and continue to work for Jobst there. Jobst sells the device nationwide through independent resellers and through Jobst distribution outlets. Moreover, Jobst claims all of the records relevant to the design, manufacture, sale, and marketing of its device are located in Toledo.

On the other hand, Medi, which is an Illinois corporation, chose to file its case in the Northern District of Illinois and claims that Jobst committed alleged acts of infringement in this district.

## DISCUSSION

■ Transfer of venue under 28 U.S.C. § 1404(a) is proper if the moving party demonstrates that (1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper); and (3) the transfer will serve the convenience of parties and witnesses and will serve the interest of justice. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F.Supp. 1125, 1127 (N.D.Ill. 1989); *General Accident Ins. Co. v. Travelers Corp.*, 666 F.Supp. 1203, 1206 (N.D.Ill.1987). A change of venue is left to the discretion of the district judge. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986).

The parties do not dispute that venue is proper in this district or that the Northern District of Ohio is one where the action might have originally been brought. The parties dispute whether the transfer will serve the convenience of the parties and the witnesses and the interest of justice. This court determines that, while the conveniences do not strongly suggest either forum, this court will transfer the case in the interest of justice.

■ In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. Private interests include (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum

including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *See G.H. Miller & Co. v. Hanes*, 566 F.Supp. 305, 307 (N.D.Ill.1983); 15 C. Wright, A. Miller & E. Cooper, *Federal Practice* §§ 3849–53 (1986). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *See Van Gelder v. Taylor*, 621 F.Supp. 613, 619 (N.D.Ill.1985).

■ The private interests in this case are equally weighted. Medi did choose this forum to litigate its claim. Nevertheless, that is but one factor for the court to consider. *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co.*, 592 F.2d 364, 368 (7th Cir.), *cert. denied*, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979). Although at times a plaintiff's choice has been given substantial weight, *see, e.g., Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1040 (N.D.Ill.1984); *Hunter Douglas Metals, Inc. v. Edward C. Mange Trading Co.*, 586 F.Supp. 926, 930 (N.D.Ill.1984), it is usually not a dominant factor, *see, e.g., Associated Mills v. Rush–Hampton Indus. Inc.*, 588 F.Supp. 1164 (N.D.Ill.1984). *See also Securities & Exchange Commission v. First Nat'l Fin. Corp.*, 392 F.Supp. 239, 242 (N.D.Ill.1975) (plaintiff's choice of forum has diminished in significance since the enactment of § 1404(a)).

In spite of Medi's chosen Illinois forum, the material events of a patent infringement case do not revolve around any particular situs. The trier of fact determines patent infringement by comparing the alleged infringing device with the language of the claims. *See SRI Internat'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed.Cir.1985). This determination does not particularly involve any significant location.

Further, the sources of proof in this case would involve witnesses testifying about the validity of the design as well as docu-

mentary evidence concerning both devices. In considering the convenience of witnesses, the court may consider the following factors: the number of potential witnesses located in the transferor and transferee districts; the expense of transportation and the length of time the witnesses will be absent from their jobs; the nature, quality, and indispensability of the witnesses testimony; and whether the witnesses can be compelled to testify. *John Buck Co. v. Atlantic Richfield Co.*, 631 F.Supp. 1527, 1529 (N.D.Ill.1986). Each district court possesses power to compel the appearance of unwilling witnesses at trial. The costs of obtaining the attendance of witnesses can be easily borne by both. There is no indication in the record as to the number of potential witnesses, or the specific expenses involved in transportation. However, in considering the nature of testimony involved in this case, this court notes that those involved in the reselling of the Jobst device would not be involved in the patent claim because they have no detailed information about the patented device. The most likely indispensable witnesses include expert witnesses and those involved in the design of the respective devices. Experts can be found in any district and thus this court will not impart any particular significance to the possible experts who would be involved in the case. *See Sypert v. Miner*, 266 F.2d 196, 199 (7th Cir.) (no reason why experts cannot be found in transferee district), *cert. denied*, 361 U.S. 832, 80 S.Ct. 82, 4 L.Ed.2d 74 (1959); *Everprest Inc. v. Phillips–Van Heusen Corp.*, 300 F.Supp. 757, 758 (M.D.Ala.1969) (travel and expense are customary for expert witnesses and thus is not important for venue purposes). Further, in patent actions, depositions are customary and are satisfactory as a substitute for technical issues. *Everprest*, 300 F.Supp. at 758.

■ The last factor bearing on private interests is the convenience to the parties. A court will not grant a motion to transfer if it will merely shift the inconvenience from one party to another. *Joslyn Mfg. Co. v. Amerace Corp.*, 729 F.Supp. 1219, 1226 (N.D.Ill.1990). In a complex patent litigation suit, such as the present case, there will inevitably be a party who must bear the burden of litigating in a distant forum. In fact, venue in a patent infringement case generally includes any district where personal jurisdiction over the defendant is possible at the time the plaintiff brings its action. 28 U.S.C. § 1391(c); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed.Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). Thus, neither party would be unduly inconvenienced by litigating in the other venue. All things being equal, the private interests do not clearly weigh in favor of either venue.

The public interest factors in this case do not weigh in favor of transfer either. Both courts are equally familiar with the applicable law in that the law involved in this dispute is federal patent law.

However, the "interest of justice" analysis is a separate ingredient to the change of venue inquiry and concerns itself with the efficient functioning of the judicial system. *See Coffey*, 796 F.2d at 220–21. It may be determinative even though the conveniences weigh in favor of a different result. *Id.* at 220. The interests of justice deal with ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case. *Midwhey Powder*, 883 F.2d at 1293.

Although it is not determinative that Jobst filed its "preemptive litigation strike" first, all things being equal, it is more convenient to transfer this case to the district where Jobst filed the initial declaratory judgment action. In *A.P.T., Inc. v. Quad Environ. Techs. Corp.*, 698 F.Supp. 718 (N.D.Ill.1988) the court noted that federal courts have, as a principle of sound judicial administration, given priority to the first suit filed, absent a balance of convenience in favor of the second action or special circumstances compelling priority for the second case. *Id.* at 721; *accord Securities & Exchange Commission v. First Nat'l Fin. Corp.*, 392 F.Supp. 239, 241 (N.D.Ill.1975) ("As a general proposition, cases should be transferred to districts where related actions are pending").

In sum, having found an equal balance of convenience and no special circumstances to the contrary, this court finds that a transfer of venue is proper.

## CONCLUSION

Jobst's motion to transfer venue to the Northern District of Ohio is granted.

IT IS SO ORDERED.