**SAGE PRODUCTS, INC., an Illinois corporation, Plaintiff,**

v.

**DEVON INDUSTRIES, INC., a California corporation, Defendant.**

**SAGE PRODUCTS, INC., an Illinois corporation, Plaintiff,**

v.

**BECTON, DICKINSON AND COMPANY, a New Jersey corporation, Defendant.**

Nos. 92 C 2464, 92 C 2465.

United States District Court, N.D. Illinois, E.D.

March 26, 1993.

William M. Lee, Jr. and Jeffrey Robert Gray, Lee, Mann, Smith, McWilliams &
Sweeney, Chicago, IL, for Sage Products, Inc.

Mitchell D. Raup, Mayer, Brown & Platt, Chicago, IL, Robert C. Weiss, Lyon & Lyon, Los Angeles, CA, and George Edward Bullwinkel and Eric F. Greenberg, Bullwinkel Partners, Ltd., Chicago, IL, for Devon Industries, Inc.

Neil Kevin Quinn and Edward B. Ruff, III, Pretzel & Stouffer, Chtd., Chicago, IL, for Becton, Dickinson and Co.

## AMENDED ORDER

NORGLE, District Judge.

These two related cases come before the court on a motion to consolidate and two motions to transfer venue. For reasons detailed below, the court grants the motion to consolidate in part and grants both motions to transfer.

### FACTS

According to the complaints, plaintiff Sage Products, Inc. ("Sage") is an Illinois corporation which owns United States Patent numbers 4,375,849, 4,779,728, and Re. 33,413. These devices are containers designed for the removal and disposal of syringe needles. Sage manufactures, markets, and sells these devices throughout the United States. Sage alleges that defendant Devon Industries ("Devon") has infringed its patents by making, using, selling, and offering for sale devices embodying the inventions described by Sage's patents. Also, Devon allegedly makes and sells removable inner containers which are specially adapted for use within Sage's disposal systems. Likewise, Sage alleges against Becton, Dickinson and Company ("Becton"), a New Jersey corporation, that it has infringed Sage's patents by making, using, selling, and offering for sale disposal containers which incorporate the subject matter of Sage's patents.

In April 1992, Sage filed case number 92 C 2464 against Devon alleging that Devon's containers infringe the three Sage patents. On the same date, Sage filed case number 92 C 2465 against Becton alleging that Becton's containers infringe two of the three Syringe

Needle Removal and Disposal patents. The first case was assigned to Judge Norgle, the subsequently filed case was assigned to Judge Anderson. Both defendants answered the respective complaints asserting noninfringement and invalidity of the Sage patents. In addition, Becton moved to reassign and consolidate its case with the case pending against Devon before this court, asserting that the claims are based on the same patents and involve common issues of fact and law. Further, both defendants filed motions to transfer to the United States District Court for the Central District of California.

The court found the cases related under Rule 2.31 of the local rules for the United States District Court for the Northern District of Illinois. *See* General Rule 2.31. At a January 29, 1993 status hearing, the court ordered counsel to submit an agreed order on consolidation because it appeared that there was agreement on this issue. An agreed order was never submitted. On February 9, 1993 the Executive Committee reassigned case number 92 C 2465 to this court and consolidated case number 92 C 2464 with 92 C 2465. Because the parties now dispute consolidation, and this court did not officially grant the consolidation motion or order the consolidation, the court will address the motion to consolidate in this opinion to clarify the issue. With this background in mind, the court addresses the respective motions.

## DISCUSSION

 Fed.R.Civ.P. 42(a) allows the court to consolidate actions involving common questions of law or fact and to order joint hearings of any or all matters at issue. The decision is left to the sound discretion of the trial judge and may be appropriate in patent infringement actions involving the same patents and multiple defendants. *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 32 (N.D.Ill.1980). The parties do not have to consent or agree to the consolidation. *See* 9 C. Wright, A. Miller & E. Cooper, *Federal Practice* § 2383 (1986). The court found the cases related because the plaintiff and patents involved in each case are identical. The cases involve the same intellectual property and both defendants have raised identical issues of fact and law. *See* General Rule

2.31(A)(1) & (2). Additionally, the handling of both of these pending cases by the same judge will result in a substantial saving of judicial time and effort; neither case has progressed to a point where the relatedness determination would delay the proceedings; and the legal and factual questions are complex, numerous, and susceptible of resolution in a joint hearing. *See* General Rule 2.31(B).

Similarly, in order to avoid unnecessary costs or delay, the court grants the motion to consolidate in part. The cases are consolidated for purposes of resolving pretrial matters because duplication of effort will be avoided as will the delay and expense of proceeding with separate depositions and separate motion schedules. The enhanced efficiency of jointly handling the numerous, complex issues involved in these cases outweighs any possible inconvenience to the plaintiff that may result. *See* 9 C. Wright, A. Miller & E. Cooper, *Federal Practice* § 2383 (1986). At this time, however, the court makes no decision as to whether there will be a consolidated trial on the merits. After the parties complete discovery and have proceeded close to trial, then a renewed motion may raise the issue again.

Having resolved the consolidation motion, the court turns to the issue of venue. Transfer is appropriate under 28 U.S.C. § 1404(a) where the moving party demonstrates that (1) venue is proper in the transferor district, (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper), and (3) the transfer will serve the convenience of parties and witnesses and will serve the interest of justice. *See Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F.Supp. 208, 210 (N.D.Ill.1992); *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F.Supp. 1125, 1127 (N.D.Ill.1989). A change of venue is left to the discretion of the district judge. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir.1989).

 The parties only dispute whether the transfer will serve the convenience of the parties and the witnesses and the interest of justice. In evaluating the convenience and fairness of transfer under § 1404(a), the

court must consider both the private interests of the parties and the public interest of the court. Private interests include (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *Medi USA,* 791 F.Supp. at 210; *see generally* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice* §§ 3849–53 (1986). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *Medi USA,* 791 F.Supp. at 210.

■■■ If the court were to consider Sage's case against each defendant individually, the factors listed above would likely require that the case remain in this venue. Sage's choice of forum for this litigation, although not of primary importance, *see Medi USA,* 791 F.Supp. at 210, does have a significant connection with its claims. Both defendants have allegedly sold their respective devices in this district and the claim against Devon for allegedly inducing infringement of Sage's patents involves activities within this district.[1] Also considered separately, the costs of obtaining the attendance of witnesses would be equally spread. Sage's witnesses reside in Illinois or in Lake Geneva, Wisconsin, while the witnesses of each defendant reside in California. It is not certain that witnesses in California would be unwilling to venture to this district, thus necessitating an exercise of the court's power to compel the appearance of unwilling witnesses at trial. *See, e.g., Heller Financial,* 713 F.Supp. at 1130 (that witnesses are located outside the subpoena power of the district justifies transfer where it appears likely that the witnesses would be unwilling to voluntarily testify). Again, the convenience to the parties is equal in each case where, in Sage's case against Devon, Sage is located in Illinois and Devon is located in California, and, in Sage's case

against Becton, Sage is located in Illinois and Becton is located in New Jersey. Individually, each defendant could bear the expense of trial in this forum. This court has made plain before that it will not transfer a case if it merely transforms an inconvenience for one party into an inconvenience for the other party. *Medi USA,* 791 F.Supp. at 211; *see also Joslyn Mfg. Co. v. Amerace Corp.,* 729 F.Supp. 1219, 1226 (N.D.Ill.1990). Last, in this claim under the federal patent laws, both district courts are equally familiar with the applicable law.

Notwithstanding the above discussion, the interest of justice requires the court to treat the two cases en masse for purposes of the respective motions to transfer. The "interest of justice" prong of the transfer analysis deserves an independent inquiry. This component may be the sole factor causing a transfer, even though the conveniences favor a different result. *See Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir.1986). It deals with the efficient functioning of the judicial system. *See Medi USA,* 791 F.Supp. at 211. The defendants treat collectively all the factors favoring each defendant. This is one of Sage's biggest points of contention. Sage argues that the considerations involved in one case should have no bearing on the considerations relevant to the other case. Nonetheless, Sage's position is inimical to the relatedness determination by this court and the consolidation of the two cases for pretrial matters. The court's determination that these two cases should be treated as related cases pursuant to local General Rule 2.31 necessarily means that the joint handling of the cases for pretrial matters is likely to result in a substantial saving of judicial time and effort. *See* General Rule 2.31(B)(2). This efficiency would be lost if the court were to individually attend to these cases when deciding these motions. Additionally, separate treatment could conceivably result in the transfer of one case while the other case remained in this district. This result would be pointless. There is a strong public policy

---

**1.** Patent infringement consists of the making, using, or selling of a patented invention, or actively inducing infringement, or contributing to

infringement by selling a component of a patented invention. 35 U.S.C. § 271.

in trying related litigation together. *See Medi USA,* 791 F.Supp. at 211.

Accordingly, judicial efficiency and economy are served by a transfer. Efficiency and economy during the discovery process are important concerns in this case. *See Waites v. First Energy Leasing Corp.,* 605 F.Supp. 219, 223 (N.D.Ill.1985). The witnesses important to both defendants' cases are located in California. The witnesses are more accessible for discovery in California than they are in Illinois. Devon is a California corporation. Its containers were conceived, designed, and developed in California; the documents relating to these events as well as witnesses having knowledge of these events are located in California. The inventor of the patent which relates to Devon's device is a California resident. Additionally, Devon manufactures all of its devises in California. Although Becton does not manufacture its accused infringing devices, it purchases them from Med–Safe Systems, Inc. ("Med–Safe"), a California corporation. Becton's devices are manufactured exclusively in California and substantially all development of the devices occurred in California. The persons responsible for the development of Med–Safe's devices reside in California and the named inventors of the Med–Safe patents reside in California. The records relating to the Med–Safe products, relevant to Becton's case, are maintained in California. All of these factors favor both Devon's and Becton's positions.

The synergy created by the reassignment of the two cases for treatment as related cases and their consolidation tips the balance in favor of a transfer. Where the many factors discussed above favoring each defendant are combined in a single case, the convenience and fairness of a transfer to California is manifest.

In sum, the two related cases are consolidated for all pretrial matters. Also, the synergistic effect of combining the two cases for pretrial treatment balances the equities in favor of a transfer to the Central District of California.

### CONCLUSION

For the reasons discussed above, Becton's motion to consolidate is granted in part and the defendants' motions to transfer are granted. The consolidated cases are transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.