**John W. VON HOLDT, Sr., and Plas–Tool Co., Plaintiffs,**

v.

**HUSKY INJECTION MOLDING SYSTEMS, LTD.,**

and

**Husky Injection Molding Systems, Boston, Inc., Defendants.**

**No. 95 C 1160.**

United States District Court, N.D. Illinois, Eastern Division.

June 1, 1995.

Charles F. Pigott, Jr., Grantland Gilbert Drutchas, Thomas A. Fairhall, Daniel A. Boehnen, Banner & Alegretti, Ltd., Chicago, IL, for plaintiffs.

Scott William Petersen, David Richard Metzger, Thomas Irving Ross, Thomas A. Belush, Hill, Steadman & Simpson, Chicago, IL, Robert H. Bachman, Gregory P. La-Pointe, Barry L. Kelmachter, Bachman & LaPointe, New Haven, CN, for defendants.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiffs, John W. Von Holdt, an individual residing in Niles, Illinois ("Von Holdt"), and Plas–Tool Co., an Illinois Corporation with its principal place of business in Niles, Illinois, ("Plas–Tool") sues the Defendants Husky Injection Molding System, Ltd. ("Husky Canada") and Husky Injection Molding Systems Boston, Inc. ("Husky Boston") for patent infringement. Plaintiffs move for a preliminary and permanent injunction enjoining defendants from further infringing or inducing the infringement of the '834 patent. Defendants move for change of venue, to transfer the case to the District of Massachusetts. After considering all the relevant factors, the Court hereby grants the motion for a change of venue.

### RELEVANT FACTS

On or about March 30, 1995, plaintiffs filed an amended complaint. Plaintiff, Von Holdt, a resident of Illinois, alleges that he is the owner of all interests in and rights to U.S. Patent No. 4,648,834 ("the '834 patent") entitled "Mold for Manufacturing Flanged Objects without Side Action" which was duly and legally issued by the U.S. Patent's Office on March 10, 1987. (Comp. ¶¶ 7–8) These molds are principally used to produce plastic buckets. Plaintiff, Plas–Tool, an Illinois corporation with its principal place of business in Illinois, is the sole U.S. manufacturing licensee of the '834 patent. (Comp. ¶ 8) Plaintiffs' amended complaint specifically references that the infringing molds manufactured by Husky Boston were involved in a prior case, *Von Holdt v. Wentworth Mould & Die Co., Ltd and Philips Industries Limited Partnership et al.,* No. 89–CV–1209

(N.D.Ohio 1989), where the '834 patent was found valid and $7.14 million dollars was awarded to the plaintiffs as a result of the patent infringement.

The two defendants include Husky Illinois and Husky Canada. Husky Canada is a Canadian Corporation whose principal place of business is located at 530 Queen Street South, Bolton, Ontario Canada, L7E 5S5. Husky Boston is a Massachusetts corporation whose principal place of business is located at 303–313 Washington Street, Auburn, Massachusetts 01501–3293. Defendants operate an Illinois subsidiary and sales office ("Husky Illinois") in Oak Forest, Illinois.[1] The defendants have admitted that venue is proper in this district. (Ans. ¶ 6)

The amended complaint alleges that Husky Boston has directly infringed the '834 patent by having made, used and sold molds for manufacturing flanged objects, such as buckets. (Comp. ¶ 12) It further alleges that Husky Canada, under principles of the agency law, has directly infringed plaintiffs' patent by supervising, directing and controlling the manufacture of the infringing molds. (Comp. ¶ 13) Furthermore, plaintiffs assert that both defendants sold the infringing molds to Philips Container Corporation, an Ohio corporation. (Comp. ¶ 12–13) The amended complaint further states that the acts of direct infringement were committed with full knowledge of the '834 patent and with total disregard of the plaintiffs' rights in the '834 patent, thus constituting a willful and wanton infringement. (Comp. ¶ 14) In addition to the direct infringement claim, the complaint alleges that the defendants actively induced the infringement by others because the defendants sold these molds to Philips Container Corporation, whose use of such molds constituted direct infringement of the '834 patent. (Comp. ¶ 16) The complaint also stated that these induced acts of infringement were willful and wanton. (Comp. ¶ 18)

Plaintiffs allege that venue is proper in this district under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391 because defendants have transacted business within this judicial district by operating a sales office at 14930 South Cicero Ave., Oak Forest, Illinois, 60462.

Defendants respond by denying most of the material allegations. Additionally, defendants assert the following affirmative defenses: the '834 patent is invalid; they have been released from liability due to the agreement made between Philips Container Company and plaintiffs; the defenses of laches, estoppel and accord and satisfaction; discharge in bankruptcy; waiver; and comparative fault.

On March 16, 1995, the defendants filed the present motion requesting a change of venue from this district to the U.S. District Court for the District of Massachusetts. Both parties concede that venue is proper in this district. Further, Husky Boston is a Massachusetts corporation whose principal place of business is in Boston, Massachusetts. Thus, jurisdiction exists over defendant and venue is therefore proper in the United States District Court for the District of Massachusetts.

## ANALYSIS

Defendants move for change of venue pursuant to 28 U.S.C. § 1404(a). The decision to transfer a case on venue grounds is largely a discretionary determination. *Promatek Med. Sys. v. Ergometrics, Inc.*, 1990 WL 19491, *3 (N.D.Ill.1990); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986). The Court exercises its discretion within the guidelines of sections 1400(b) and 1404(a) of Title 28 of the United States Code.

Defendants request that the action be transferred to the U.S. District Court for the District of Massachusetts. Venue in patent infringement actions is controlled by 28 U.S.C. § 1400(b). This section states: "any civil action for patent infringement may be brought in the judicial district where the

---

1. Plaintiffs originally named Husky Illinois as a defendant in this suit. Defendants have moved to dismiss defendant Husky Injection Molding Systems, Inc. ("Husky Illinois") from this suit under Fed.R.Civ.P. 12(b)(6) and 21. With regard to the motion to dismiss, we conclude that the motion is moot, as a result of the filing of the amended complaint, which clarified that the two defendants are Husky Canada and Husky Illinois.

188

defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The parties do not dispute that venue is proper in this district. Venue is also proper in the District of Massachusetts because the defendant resides there.

■ We now consider whether the suit can be transferred to another venue. Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, transfer of venue is proper if the moving party demonstrates that: (1) venue is proper in the transferor district; (2) the transferee district is one where the action might have been brought (both venue and jurisdiction are proper); and (3) the transfer will serve the convenience of parties and witnesses and will serve the interest of justice. *Medi USA v. Jobst Institute, Inc.,* 791 F.Supp. 208, 210 (N.D.Ill.1992); *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.,* 713 F.Supp. 1125, 1127 (N.D.Ill.1989); *General Accident Ins. Co. v. Travelers Corp.,* 666 F.Supp. 1203, 1206 (N.D.Ill.1987).

The parties do not dispute that venue is proper in the District of Massachusetts because Husky Injection Molding System, Inc. resides within that judicial district. The plaintiffs also do not dispute that the venue in the District of Massachusetts is improper, but rather whether the transfer of venue is warranted.

■ In evaluating the convenience and fairness of transfer under § 1404(a), the court must consider both the private interests of the parties and the public interest of the court. Private interests include: (1) plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof in each forum including the court's power to compel the appearance of unwilling witnesses at trial and the costs of obtaining the attendance of witnesses, (4) convenience to the parties—specifically, their respective residences and abilities to bear the expense of trial in a particular forum. *See G.H. Miller & Co. v. Hanes,* 566 F.Supp. 305, 307 (N.D.Ill.1983); 15 C.

Wright, A. Miller & E. Cooper, *Federal Practice* §§ 3849–53 (1986). Public interest factors include the court's familiarity with applicable law and the desirability of resolving controversies in their locale. *See Van Gelder v. Taylor,* 621 F.Supp. 613, 619 (N.D.Ill.1985).

### A. Plaintiff's Choice of Forum

■ We first address Von Holdt's choice of forum. In the present case, plaintiffs' chosen forum was Illinois. Von Holdt resides in Illinois and Plas–Tool's only place of business is in Illinois. The plaintiffs' forum choice is but one factor for the court to consider. *See generally Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co.,* 592 F.2d 364, 368 (7th Cir.), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979). We disagree with the plaintiffs' argument that the controlling case law gives plaintiffs' choice of forum substantial weight. Although the plaintiffs' choice has been given substantial weight in some cases, *e.g., Store Decor Div. Jas Inc. v. Stylex Worldwide Ind. Inc.,* 767 F.Supp. 181, 185 (N.D.Ill.1991); *Gallery House, Inc. v. Yi,* 587 F.Supp. 1036, 1040 (N.D.Ill.1984); *Hunter Douglas Metals, Inc. v. Edward C. Mange Trading Co.,* 586 F.Supp. 926, 929 (N.D.Ill.1984), it is not the only factor a court must consider. *See e.g., Associated Mills v. Rush–Hampton Indus. Inc.,* 588 F.Supp. 1164 (N.D.Ill.1984). *See also Securities & Exchange Commission v. First Nat'l Fin. Corp.,* 392 F.Supp. 239, 242 (N.D.Ill.1975) (plaintiff's choice of forum has diminished in significance since the enactment of § 1404(a)). Moreover, the weight given to plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim. *C.I.S. of Pine Bluff, Inc. v. Alltel Cellular Assoc. of Arkansas Limited Partnership,* 175 B.R. 834, 838 (S.D.N.Y. 1994).

### B. Situs of Material Events

Next, the court will determine the situs of material events. The acts giving rise to the patent infringement action occurred in Massachusetts, not in Illinois. None of the allegedly infringing molds were manufactured in

Illinois. We find that all of the central facts and circumstances surrounding this patent infringement dispute relate to activities which took place in Massachusetts, not in Illinois. Husky Illinois is not a party to this suit. Nowhere in the complaint does it state that the molds were made, designed or sold in Illinois. The injury set forth in the complaint does not arise out of any business in this district. However, the plaintiffs allege that the Husky company, located in Boston, has made, used, and sold molds for manufacturing flanged objects. Since Husky Boston is a Massachusetts corporation, it is reasonable to assume that the allegedly infringing molds were produced in the manufacturing plant in Massachusetts.

### C. Convenience of the Witnesses

We now turn to the convenience of the witnesses. The Court must determine the relative ease of access to sources of proof in each forum. The convenience of the witnesses weighs slightly in favor of defendants. The plaintiffs' main argument is that their witnesses are based in Chicago and if litigation occurs in Massachusetts, great expenses would be incurred in transporting all their witnesses and documents to Boston. Defendants respond by stating that their witnesses are based in Boston and it would be a great inconvenience to litigate the case in Chicago. The most likely indispensable witnesses include Husky's expert witnesses involved in the design of the molds. Defendants assert that these witnesses are residing in the District of Massachusetts since most of the design, manufacture, marketing and distribution of the molds occurred in Massachusetts. On the other hand, the indispensable witness of the plaintiff seems to be the owner of the patent, Von Holdt. Although neither party has made an official list of witnesses, it is evident that defendants have a number of witnesses in the Massachusetts area since one of Husky Canada's three mold-operation locations is in Massachusetts. Plaintiffs assert that the witnesses of the defendants will be predominantly from Chicago, Ontario and Ohio, with maybe one or two from the Boston area. We believe that plaintiffs' predictions about defendants' witnesses carry little if any

weight in considering the "convenience to witnesses" factor.

Plaintiffs also conclusorily assert that they cannot bear the full costs of transporting their witnesses to Massachusetts. Plas–Tool is a small, family owned company in the business of making plastic injection molds located in Niles, Illinois. Plas–Tool's principal and only place of business is in Illinois. Plaintiffs argue that their inconvenience is great because, if the case is transferred, Von Holdt and other employees would have to travel to Massachusetts. This would disrupt and harm their small business operations because there are relatively few supervisors and employees. The plaintiffs point to the fact that the inconvenience is greater for them because their annual sales are less than those of the defendants. Plas–Tool's annual sales are $3 million while Husky's annual sales are $100 million. In this case, however, the annual sales of the parties should not be given great weight. In particular, the Court takes judicial notice that the plaintiffs have, in the past, chosen a distant forum to successfully litigate a related patent infringement case. *Von Holdt v. Wentworth Mould & Die Co., Ltd and Philips Industries Limited Partnership et al.,* No. 89–CV–1209 (N.D.Ohio 1989) (where the '834 patent was found valid and $7.14 million dollars was awarded to plaintiff as a result of the patent infringement). This case firmly establishes that plaintiffs' claims of inconvenience are greatly exaggerated.

### D. Convenience of the Parties

The next issue we address is the convenience of the parties, which we find weighs heavily in favor of the defendants, Husky Injection Molding Systems, Inc. All of defendants' documents and financial records are located in Massachusetts. Second, defendants assert that all of Husky Boston's products are designed, manufactured and shipped from its regular place of business in Auburn, Massachusetts. Husky Boston is one of the sites where the mold operations takes place. In addition, the employees likely to have knowledge of the facts regarding the defendants' allegedly infringing molds are located in Massachusetts. Husky Illinois

only provides sales and services in Illinois. It does not manufacture the molds. Most importantly, unlike Husky Boston, Husky Illinois did not sell the allegedly infringing molds to Philips Container Corporation located in Ohio. Although it would be inconvenient for the plaintiffs to defend the action in Massachusetts, it does not outweigh the inconvenience of the defendants. Plaintiffs only connection with this forum is their residence within this district. While it is evident that plaintiffs' attorneys and the litigation files are located in the same vicinity in Chicago, the convenience to a plaintiff's counsel is not a proper consideration. *Hemstreet v. Caere Corp.*, 1990 WL 77920, *5 (N.D.Ill. 1990).

## CONCLUSION

In the final analysis this Court believes that the burden on the plaintiffs would not be great if the case were transferred. Technological advances have substantially reduced the burden of having to litigate in a distant forum. Computers, modems, scanning machines, photocopiers, facsimile machines, video tapes, video discs, CD ROMs and express mail services have changed dramatically how we store, produce and exchange information. These technologies have shortened the time it takes to transfer information, reduced the bulk or size of the documents or things on which the information is recorded and can be transferred, and have lowered the cost of moving that information from one place to another. In today's modern-day world, litigating a case in a distant forum is not an excessive burden, as dramatically evidenced by plaintiffs' prior successful litigation in Ohio.

For the reasons stated above, defendant's motion for a change of venue is granted. Neither the acts of alleged infringement nor the sale of the allegedly infringing molds occurred in this district. The interests of justice require that this case be tried in the forum where the alleged infringement occurred and where Husky Boston's witnesses and employees are located—the District of Massachusetts.