112 F.Supp.2d 869 (2000)
BIOMETICS, LLC., Plaintiff,
v.
NEW WOMYN, INC., et al., Defendants.
No. 4:00-CV-171 CAS.
United States District Court, E.D. Missouri, Eastern Division.
August 29, 2000.
*870 Richard E. Haferkamp, Anthony G. Simon, Howell and Haferkamp, L.C., St. Louis, MO, for Biometics, LLC, plaintiff.
Philip C. Graham, Helfrey and Simon, P.C., St. Louis, MO, for New Womyn, Inc., defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendants' motion to dismiss plaintiff's amended complaint for lack of personal jurisdiction and venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and defendants' alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Court concludes that the motion to dismiss should be denied, and the alternative motion to transfer venue to the Central District of Illinois should be granted.

Background.
Plaintiff Biometics, LLC. filed this suit on February 2, 2000, alleging patent infringement by defendants New Womyn, Inc. and New Womyn, LLC (collectively "defendants"). Plaintiff is a Delaware limited liability company having its principal place of business in Florida. Plaintiff is the owner by assignment of United States Patent No. 5,695,445 ("the '445 Patent"), titled Method and Apparatus for Soft Tissue Enlargement. In essence, plaintiff's patent addresses a method and apparatus for enlarging soft tissue of the human body, such as the breasts. The apparatus is a dome configured to fit over the area of desired augmentation. The dome has a rim with a surface area equal to or greater than the normal area of the dome opening to prevent medical complications caused by excessive pressure to the skin. The dome also includes a vacuum pump with a power source, pressure sensor, and servomechanism for regulating the pressure within the dome. See Ex. A to complaint, p. 1. The method of use is to attach the dome to the location of desired enlargement, and create a vacuum within the dome. The apparatus is intended to be worn 8-12 hours per day. "After several months, notable and longterm enlargement should occur." Id., p. 6.
Defendant New Womyn, Inc. is an Iowa corporation with its principal place of business in Iowa. Defendant New Womyn, LLC. is a Delaware limited liability company with its principal place of business in Illinois. In October 1999, New Womyn, Inc. transferred all its assets to New Womyn, LLC., and intended to cease being a business entity after it filed its 1999 tax return.
Plaintiff brought suit against defendants, alleging violations of 35 U.S.C. § 271, by claiming that defendants have been and still are:
directly infringing, contributorily infringing and inducing infringement of the '445 Patent by making[,] using, selling and/or offering for sale in this judicial district and in the United States devices known as "Stimulations VII" covered by one or more of the claims of the '445 Patent and by inducing others *871 to practice one or more of the methods covered by the claims of the '445 Patent.
Second Amended Complaint, p. 3, ¶ 11.
Defendants filed their motion to dismiss, arguing that the Court does not have personal jurisdiction over them, and that venue is improper.

Standards of Review.
To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir.1996) (citations omitted). Because the Court relies on pleadings and affidavits, and did not conduct an evidentiary hearing, it must view the evidence in the light most favorable to the non-moving party, and resolve all factual conflicts in its favor. Id.; Radaszewski by Radaszewski v. Telecom Corp., 981 F.2d 305, 309-10 (8th Cir.1992), cert. denied, 508 U.S. 908, 113 S.Ct. 2338, 124 L.Ed.2d 248 (1993); Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir.1991).
When deciding an issue of personal jurisdiction in a patent case, a district court must apply law of the Federal Circuit. 3D Systems, Inc. v. Aarotech Labs., Inc., 160 F.3d 1373, 1377 (Fed.Cir.1998). Under Federal Circuit precedent, "Determining whether jurisdiction exists over an out-of-state defendant involves two inquiries: (1) whether a forum state's long-arm statute permits the assertion of jurisdiction and (2) whether assertion of personal jurisdiction violates federal due process." Graphics Controls Corp. v. Utah Med. Prods., Inc., 149 F.3d 1382, 1385 (Fed.Cir.1998) (footnote omitted). Because Missouri's long-arm statute permits the assertion of jurisdiction over an out-of-state defendant to the extent permitted by the Due Process Clause, State ex rel. Deere & Co. v. Pinnell, 454 S.W.2d 889, 892 (Mo. banc 1970), the sole inquiry is whether exercising personal jurisdiction over the defendant comports with federal due process standards. See 3D Systems, 160 F.3d at 1377.
When an action arises out of or is related to a defendant's contacts with the forum, the court's jurisdiction is referred to as "specific jurisdiction." 3D Systems, 160 F.3d at 1378 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In this case, Biometics argues that specific jurisdiction exists over the defendants in Missouri. "Specific jurisdiction exists when a non-resident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable." 3D Systems, 160 F.3d at 1378. In Akro Corp. v. Luker, 45 F.3d 1541, 1545-46 (Fed.Cir.), cert. denied, 515 U.S. 1122, 115 S.Ct. 2277, 132 L.Ed.2d 281 (1995), the Federal Circuit established a three-part minimum contacts test for determining whether specific jurisdiction exists: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." 3D Systems, 160 F.3d at 1378 (citing Akro, 45 F.3d at 1545-46).

Motion to Dismiss for Lack of Personal Jurisdiction.
With the foregoing standards in mind, the Court turns to the motion before it. Defendants move to dismiss the claims against them on the basis that plaintiff has failed to show that this Court has personal jurisdiction over them. Defendants aver that neither corporate defendant has (1) ever been registered to do business in Missouri; (2) had an office, agent, distributor, dealer or any employees in the state; (3) ever transacted any business in the state; (4) made any contract within the state; (5) committed any tortious act in the state or against Missouri residents; (6) owned, used or possessed any real property in the state; (7) manufactured the accused product in the state; (8) attended a trade show or any other forum in Missouri *872 where the accused product was used or demonstrated; (9) directly sold or shipped the accused product to Missouri residents; or (10) engaged in direct advertising, direct mailings or telemarketing to offer the accused product for sale to Missouri residents. See Aff. of Daniel E. Kaiser (4/12/00), ¶¶ 7-16.
Defendants state that the accused products are sold "primarily through the use of independent distributors, independent dealers and independent sales representatives," all of whom have signed independent contractor agreements which provide that no joint venture, partnership, employment or agent relationship is created by the agreements. Defendants aver they have never had an independent contractor in Missouri, and their only advertising is through their "passive" Internet web site. See id., ¶¶ 17-20. Defendants also aver that only two of the accused products have ever been sold and shipped to Missouri residents, one in June 1998 and the other in October 1999, but both of the products were purchased through independent contractors located in California and Michigan and were shipped by the independent contractors to the Missouri residents. Id., ¶ 21.
For the following reasons, the Court finds that it has specific jurisdiction over defendants.

a. Purposeful Availment.
The Court must first determine if defendants have purposefully directed their activities at Missouri residents. Plaintiff argues that Missouri is a proper forum for its claims against defendants because the complaint alleges that defendants have and are still directly infringing, contributorily infringing, and inducing infringement of the patent-in-suit by making, using, selling and/or offering for sale the accused products in this judicial district. See 35 U.S.C. § 271(a). Plaintiff argues personal jurisdiction exists because (1) defendants admit the accused product has been sold to and was shipped to Missouri residents; and (2) defendants have been continuously promoting and advertising the accused products to Missouri residents via a web site that offers the accused product for sale. The web site, www.newwomyn.com, includes detailed descriptions of the accused product (including pictures), prices for the product, order forms for directions on how to use the product, and ways to contact defendants if Missouri residents have further inquiries about the product.
Plaintiff relies on the following evidence to show that defendants have sold the accused product in Missouri: (1) a UPS shipping document signed by Daniel Kaiser, a manager of New Womyn, LLC and an officer of New Womyn, Inc., which shows that defendants shipped an accused product to a woman in St. Louis, Missouri in February 2000, see Pl.'s Ex. 7, doc. # 00010; (2) invoices from defendants to two Missouri residents for purchase of the accused products, see Pl.'s Ex. 5, doc. # 00031, Ex. 6, doc. # 00001; (3) defendants' answers to interrogatories which show they knew "the product sold to [a Missouri resident] was to be shipped into Missouri;" see Pl.'s Ex. 8, answers to int. nos. 30 and 31; and (4) a cashier's check showing payment in the amount of $2,134.00 from a Missouri resident payable to defendants, in payment for an accused product, see Pl.'s Ex. 6, doc. # 00008.
The Federal Circuit has held that to sell an infringing product to a buyer in a state is to commit a tort in that state. North Am. Philips Corp. v. American Vending Sales, Inc., 35 F.3d 1576, 1579 (Fed.Cir. 1994). Plaintiff argues that defendants' infringing sales to Missouri residents trigger the tortious act provision of the Missouri long-arm statute, and automatically establish that defendants purposefully directed their activities at Missouri residents, citing 3D Systems, 160 F.3d 1373, and Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1571 (Fed.Cir. 1994).
*873 The Court agrees. The evidence submitted by plaintiff, when viewed in the light most favorable to plaintiff, establishes that defendants sold at least two accused products in Missouri, were aware the final destination for these products was Missouri, shipped a product directly to Missouri in one instance and requested shipping to Missouri purchasers in the other two instances, and directly billed the two Missouri resident purchasers for the purchase price of the products. This evidence is sufficient to establish that defendants purposefully directed their activities to Missouri residents.
In addition, the Court concludes that defendants' Internet web site constitutes an offer to sell the accused product in Missouri. Under 35 U.S.C. § 271(a), an offer to sell an infringing product is an act of infringement. 35 U.S.C. § 271(a); see 3D Systems, 160 F.3d at 1379 (holding that an offer to sell exists under the patent statute if the communication contains both (1) the description of the product, and (2) a price at which it can be purchased). In this case, the web site includes a detailed description of the product and its price.[1]
Although defendants describe their web site as passive because visitors to the site cannot order the accused product online, the Court finds the web site is moderately interactive. See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1124 (W.D.Pa.1997) (addressing personal jurisdiction claim based upon Internet activity; grouping web sites into three general categories for jurisdictional analysis: (1) those which are passive and merely make information accessible to users, (2) those by which the owner clearly does business and enters into contracts over the Internet, and (3) a middle ground of interactive web sites where a user can exchange information with the host computer.) In the third category of interactive web sites, "the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." Zippo, 952 F.Supp. at 1124.
In this case, the defendants' web site contains extensive product information and permits visitors to fill out and submit a detailed, multi-page "Request Form" to obtain additional information on how to order the product. The web site also contains an "independent sales representatives locator" that includes a box labeled "Missouri," on which Missouri residents are to click for more information about how to purchase the product. Defendants admit that when they receive an on-line request for information, they e-mail the requesting individual a URL address to obtain the order form, which the person must then print, fill out, and send to New Womyn together with payment. Kaiser Aff. of 6/28/00, ¶ 2. Defendants also admit they had direct e-mail contact with one of the Missouri residents who purchased the accused product. Id., ¶¶ 3-5.
"One of the purposes of adding `offer[] to sell' to § 271(a) was to prevent ... generating interest in a potential infringing product to the commercial detriment of the rightful patentee." 3D Systems, 160 F.3d at 1379. It is clear that defendants' web site is intended to generate interest in the accused product in Missouri, and therefore is an offer to sell under the patent statute. The web site is further evidence that defendants purposefully directed their activities to Missouri residents.[2]

*874 b. Arising Out of or Related To.
The second part of the Akro test is an inquiry whether the claim arises out of or relates to the activities in Missouri. As previously noted, plaintiff's Amended Complaint alleges that defendants committed direct patent infringement, contributory patent infringement and inducement to infringe under 35 U.S.C. § 271(a)-(c). In this case, the claims of patent infringement are based on defendant's sale of the accused product to Missouri residents, its offer to sell the accused product through its web site, and the purchasers' use of the product in Missouri. The second part of the Akro test is therefore met.

c. Due Process Considerations.
The third part of the Akro test requires a determination whether assertion of personal jurisdiction is reasonable and fair. "This prong embodies the due process considerations of personal jurisdiction and places the burden on the party over whom jurisdiction is sought to prove that jurisdiction would be constitutionally unreasonable." 3D Systems, 160 F.3d at 1379-80. "[W]here a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King, 471 U.S. at 477, 105 S.Ct. 2174.
In this case, the Court has found that defendants purposefully directed their activities at forum residents. Defendants argue that the exercise of personal jurisdiction over them in Missouri would "offend traditional notions of fair play and substantial justice," because neither plaintiff nor defendants reside in Missouri, or have assets, interests or witnesses here. Defendants contend that litigating the case in Missouri would constitute an undue financial burden to them as a small company. Defendants note that the inventor of the patent-in-suit is no longer a resident of Missouri, and contend that plaintiff filed the suit here only because its patent counsel is located in Missouri.
The defendants' arguments do not establish that exercising jurisdiction over them would be constitutionally unreasonable. Defendants' arguments are more related to their alternative motion to transfer venue under 28 U.S.C. § 1404(a), which the Court will address infra. The Court concludes that the third part of the Akro test is met, and that personal jurisdiction over the defendants is constitutionally reasonable. Because all three parts of the Akro test are met, the defendants are subject to personal jurisdiction in Missouri.

Motion to Dismiss for Improper Venue.
The defendants also move to dismiss plaintiff's complaint for improper venue under Rule 12(b)(3), Fed.R.Civ.P. Under 28 U.S.C. § 1400(b), venue in a patent case is proper where the defendant "resides," or where it "committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Under 28 U.S.C. § 1391(c), a corporate defendant resides where it is subject to personal jurisdiction. Thus, in a patent infringement case, venue is proper in any judicial district where the defendant is subject to personal jurisdiction. See VE Holding Corp. v. Johnson Gas Appliance *875 Co., 917 F.2d 1574, 1578, 1584 (Fed.Cir. 1990), cert. denied, 499 U.S. 922, 111 S.Ct. 1315, 113 L.Ed.2d 248 (1991). Because the Court has concluded that defendants are subject to personal jurisdiction in this district, the motion to dismiss for improper venue should be denied.

Alternative Motion to Transfer Pursuant to 28 U.S.C. § 1404(a)
Defendants move in the alternative to transfer this case to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motion. As a procedural matter, the motion to transfer venue is governed by the law of the Eighth Circuit. See Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340 (Fed. Cir.), cert. denied, ___ U.S. ___, 120 S.Ct. 2679, 147 L.Ed.2d 289 (2000). Federal courts generally give "considerable deference to a plaintiff's choice of forum, and thus the party seeking a transfer under § 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir.), cert. denied, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997).
Section 1404(a) provides:
For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
The initial inquiry in ruling on a motion under § 1404(a) is whether this case "might have been brought" in the Central District of Illinois. As discussed above, venue in a patent case is proper in any district where the defendant resides. Defendant New Womyn, LLC is a resident of the State of Illinois, as the site of its principal place of business is in Moline, Illinois.[3] Therefore, this action could have been brought initially in the Central District of Illinois.
In determining whether or not to transfer venue, the Court must consider the three general categories of factors stated in § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) whether the transfer would be in the interest of justice. Terra Int'l, 119 F.3d at 691. "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors. Instead, courts have recognized that such determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."[4]Id.
The first factor, convenience of the parties, weighs in favor of defendants in this case. Defendants' only connection to this forum consists of two sales of the accused product to Missouri residents, and shipping a third accused product to a Missouri resident who had recently moved from another state. Defendants' only place of business is located in Moline, Illinois, and that is where the documents, financial records, and employees likely to have knowledge of the facts concerning defendants' allegedly infringing products are located. *876 Defendants contend they will incur substantial costs for travel and loss of employee time if forced to defend this action in Missouri in light of their limited contacts with this district and the substantial relationship of this action to their activities and personnel in Illinois.
Plaintiff is a Delaware limited liability corporation with its principal place of business in Florida. Plaintiff's only connections with this forum are that its patent attorneys and litigation files are located here, the patent's inventor used to reside here, and its patent attorneys have the patent prosecution history files here. The convenience of the plaintiff's counsel is not entitled to any weight in the analysis. See, e.g., Henderson v. AT & T Corp., 918 F.Supp. 1059, 1066 (S.D.Tex.1996); Von Holdt v. Husky Injection Molding Sys., Ltd., 887 F.Supp. 185, 190 (N.D.Ill.1995). The patent prosecution records would be easily transported, or could be obtained from the United States Patent Office, and therefore do not factor into the Court's analysis.
Convenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a). May Dept. Stores v. Wilansky, 900 F.Supp. 1154, 1165 (E.D.Mo.1995) (citing Houk v. Kimberly-Clark Corp., 613 F.Supp. 923, 927 (W.D.Mo.1985); American Standard, Inc. v. Bendix Corp., 487 F.Supp. 254, 262 (W.D.Mo.1980)). The convenience of witnesses weighs strongly in favor of the defendants in this case. Defendants assert that all of the key witnesses concerning defendants' research, development, manufacture, marketing, sale and distribution of the accused products are in Moline, Illinois. Plaintiff asserts that it will be much more difficult for its witnesses to travel from Florida to Rock Island, Illinois, instead of St. Louis, Missouri, because the latter is a travel hub. Plaintiff also asserts that it intends to subpoena the three Missouri residents who purchased the accused product. Given that plaintiff has chosen to litigate this case far from its residence, either potential forum is relatively close in distance compared to the distance plaintiff's witnesses will travel from Florida. The additional travel time for plaintiff's witnesses if the case is transferred from Missouri to Illinois is entitled to little consideration.
The Court will assume the three identified non-party witnesses would not voluntarily appear at trial in Illinois. Any evidence needed from these witnesses could be readily obtained by other means, however, such as deposition testimony or affidavits. In coming to this conclusion, the Court finds that the three prospective Missouri witnesses are not key witnesses, as they would testify only about using the accused product. This case centers upon whether the accused product infringes on the patent-in-suit, and the Missouri witnesses' testimony would not relate to this key inquiry. Therefore it is not essential that their testimony be presented live. Furthermore, it is probable that when unfettered discovery commences in this case, plaintiff will discover other purchasers of the accused product.
The location where the conduct occurred in this case is primarily in Illinois, and weighs in favor of transfer. Defendants' contacts with Missouri, while adequate to permit the exercise of personal jurisdiction, are minimal as they consist only of three sales of the accused product and the existence of the web site, which is viewable in every state. In contrast, defendants' research, development, manufacture, marketing, sale and distribution of the accused product all take place in Illinois. Because the defendants' allegedly infringing activities have occurred primarily in Illinois, it is more convenient and practical for the case to be tried in that forum where the defendants have a regular place of business, to facilitate the production of books, records and data necessary to discovery and trial of a patent case.
The Court next considers the interest of justice. Of the factors noted above which *877 can be considered under this general category, only one is significant in this case: plaintiff's choice of forum. As stated above, federal courts generally give "considerable deference to a plaintiff's choice of forum...." Terra Int'l, 119 F.3d at 695. The plaintiff's choice of forum is accorded less weight, however, where it is not the plaintiff's residence. See, e.g., Tranor v. Brown, 913 F.Supp. 388, 391 (E.D.Pa. 1996); Black & Decker Corp. v. Amirra, Inc., 909 F.Supp. 633, 636 (W.D.Ark.1995); Verosol B.V. v. Hunter Douglas, Inc., 806 F.Supp. 582, 592 (E.D.Va.1992). In this case, plaintiff has chosen to file suit in a distant forum, with which defendants have had little contact. The Court therefore gives less deference to plaintiff's choice of forum than it would if plaintiff resided here or if defendants' allegedly infringing activity was centered here.
Based on the foregoing, the Court concludes that defendants have met their burden under § 1404(a) to establish that transfer is warranted. Defendants have shown that the key factors under the transfer analysis, the convenience of the witnesses and parties, weigh strongly in favor of transfer. Furthermore, the primary location of proof is in Illinois. This showing outweighs plaintiff's right to its choice of the forum in this case.

Conclusion.
For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction and to dismiss should be denied. Defendants' alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) should be granted, and this action will be transferred to the Central District of Illinois.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion to dismiss for lack of personal jurisdiction and venue is DENIED. [Doc. 17]
IT IS FURTHER ORDERED that defendants' alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is GRANTED. [Doc. 32]
IT IS FINALLY ORDERED that this matter is TRANSFERRED to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).
NOTES
[1] Cf. VP Intellectual Properties, LLC v. IMTEC Corp., 1999 WL 1125204, 53 U.S.P.Q.2d 1269 (D.N.J.1999) (holding, inter alia, in patent infringement case, that web site was not an "offer to sell" because it did not contain pricing information).
[2] Defendants argue that the Federal Circuit refused to find personal jurisdiction proper over a defendant in circumstances "nearly identical" to this case. In 3D Systems, 160 F.3d 1373, the Federal Circuit concluded that the parent company defendant, Aarotech, did not purposefully direct any activities at California residents, although it maintained a web site viewable in California. Any e-mail responses to the web site were forwarded by Aarotech to its subsidiary, Aaroflex, which then actively pursued sales in California. The Federal Circuit's holding regarding Aarotech encompasses the general rule that an "essentially passive" web site is insufficient to establish purposeful Availment for purposes of due process, see Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419-20 (9th Cir.1997). The Federal Circuit's holding that there was no personal jurisdiction over the parent company turned on the fact that Aarotech "on its own," 3D Systems, 160 F.3d at 1380, directed no activities to California residents. The instant case is distinguishable because the Court has found that defendants purposefully directed activities at Missouri residents, by selling the accused product in Missouri and by offering the accused product for sale in Missouri on their web site.
[3] For purposes of the instant motion, the Court accepts that defendant New Womyn, Inc., while still an existing Iowa corporation, has transferred all of its assets to New Womyn, LLC and has ceased doing business. Therefore, the Court's analysis, while using the term "defendants," focuses only on New Womyn, LLC.
[4] Factors which courts have considered in deciding a motion to transfer under § 1404(a) include, under the "convenience" prongs, (1) the convenience of the parties, (2) the convenience of the witnesses  including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) accessibility of records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each state's forum law. Factors considered under the "interest of justice" prong include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. See Terra Int'l, 119 F.3d at 696.